UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-11-1030 |
| | § | |
| RENE GUTIERREZ-REYES; aka REYES | § | |

FIRST AMENDED MEMORANDUM OPINION AND ORDER
ON PETITION TO VACATE CONVICTION
AND SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner, Rene Gutierrez-Reyes filed his "Petition to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255" (D.E. 24) on March 13, 2012. On April 23, 2012, this Court entered its Order dismissing the Petition. D.E. 25. The following day, the Assistant Federal Public Defender filed his "Motion to Submit Affidavit" (D.E. 27), attaching an affidavit attesting that, while he had researched Petitioner's claim of derivative citizenship, he had made a mistake in failing to research the law as it existed at the time of the Petitioner's mothers' naturalization. He concludes,

> Had I reviewed the statute in effect at the time of Mr. Reyes' mother's naturalization, I would have further investigated the facts surrounding his entry into the United States and his mother's naturalization, and I would have advised Mr. Reyes to proceed to trial, and I would have approached the U.S. Attorney's office to determine if the case could be resolved prior to trial.

D.E. 27-3. For the reasons stated below, the Court grants the Motion to Submit Affidavit (D.E. 27) and enters this First Amended Memorandum Opinion And Order On Petition To Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255, dismissing the Petition.

Any claim of ineffective assistance of counsel must demonstrate that counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). Counsel has testified that his research was deficient. Under the Fifth Circuit's analysis, the question is whether, if counsel had engaged in a fully proficient investigation of the issue, he would have found a viable defense for his client. *United States v. Juarez*, 672 F.3d 381 (5th Cir. 2012).

In *Juarez*, defense counsel was completely unaware of the concept of derivative citizenship, although he was aware that his client's mother was a naturalized citizen and that the defendant had lived with her during his minority. The trial court denied the ineffective assistance of counsel defense because it held that the defendant could not establish the residency requirement of the statute establishing derivative citizenship. The Fifth Circuit reversed, finding that proper research would have led to sufficient resources available at the time to give the criminal defendant a viable factual argument that he had met the residency requirement through actual living arrangements and that status as a legal permanent resident (the standard applied by the trial court) was not required. *Juarez*, at 387. Because this fact issue was available as a viable defense and had not been considered in weighing the issues, his guilty plea failed to be knowing and voluntary. *Id*. at 388-89.

The instant case stands in sharp contrast to *Juarez*. Reyes, himself, was aware of his ability to make a derivative citizenship claim as he had done so five years prior to his guilty plea. His effort resulted in a denial by the Board of Immigration Appeals in *Carlos

*Rene Gutierrez-Reyes*, A44 805 447, 2007 WL 4182275 (BIA, Oct. 16, 2007). The BIA held that Reyes could not satisfy the requirement of 8 U.S.C. § 1432(a)(3) (1995) that "the paternity of the child has ***not*** been established by legitimation . . . ." (emphasis added).

> However, the respondent argues, as indicated within his mother's statement (Exh. 6) that "it has never been established by paternity that he (Rafael Antonio Gutierrez) is my son's father." We disagree. The record in this case adequately demonstrates that the respondent's paternity was established, in large part, as a consequence of the elimination by El Salvador of the distinction between legitimate and illegitimate children. *See Matter of Moraga*, 23, I&N Dec, 195 (BIA 2001). Moreover, the record reflects that the respondent bears his father's name; his father's name is listed on his birth certificate; his mother admitted that his father's name is on the birth certificate (Tr. at 12-13); the certificate indicates that it was his father who provided the information about the respondent's birth; and his father signed the birth certificate. See Exh. 5. Indeed, neither the respondent nor his mother have argued that Rafael Antonio Gutierrez is not his biological father and there is no persuasive evidence to the contrary. *See Matter of Bueno*, 21 I&N Dec. 1029, 1032 (BIA 1997). Consequently, in view of the above and after consideration of the evidence of record and the circumstances in this case, we conclude that the respondent's paternity was established by legitimation, and the surrounding evidence and thus, he is not entitled to derivative citizenship under former section 321(a)(3) of the Act.

*Carlos Rene Gutierrez-Reyes, supra.*

In a *Juarez* analysis, the Court can assume that a proper investigation by counsel would have led to finding this BIA denial of the Petitioner's derivative citizenship claim. On the other hand, it can certainly be argued that this BIA holding is not conclusive on the matter because of the differences in burden of proof between an immigration matter

and a criminal matter. The Ninth Circuit has so held. *E.g., United States v. Meza-Soria*, 935 F.2d 166, 168 (9th Cir. 1991). However, today's holding does not depend upon treating the BIA decision as conclusive. Rather, it turns on the demonstration that is required of the Petitioner making an ineffective assistance of counsel claim.

Reyes' Petition purports to demonstrate that he qualifies for derivative citizenship. After reciting the statute, he makes bare assertions that he satisfies each element. Yet there is neither pleading nor proof that he can satisfy the statute's legitimacy issue on which the BIA decision turned. Consequently, he has not made a sufficient showing of prejudice under *Strickland*. Had his counsel fully investigated the matter, there is no evidence that he would have been able to make a viable defense out of the claim of derivative citizenship. Absent a showing of prejudice, the ineffective assistance of counsel claim fails. The Petition under 28 U.S.C. § 2255 is DISMISSED.

ORDERED this 15th day of May, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE